Steven A. Alpert, NV #8353
PRICE LAW GROUP, APC
5940 S Rainbow Blvd,
Las Vegas, NV 89118
T: (702) 794-2008
F: (866) 401-1457
alpert@pricelawgroup.com
Attorneys for Plaintiff
Diane St. Clair

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Diane St. Clair,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>iEnergizer, Inc.; GC Services Limited Partnership; Teleperformance Business Services US, LLC; Alorica, Inc.; and DOES 1-5,<br><br>　　　　Defendants. | **Case No.: 2:20-cv-1880**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. **TCPA, 47 U.S.C. § 227,** *et seq.*<br>　2. **FDCPA, 15 U.S.C. § 1692** *et. seq.*<br>　3. **Intrusion Upon Seclusion** |

**COMPLAINT FOR DAMAGES**

Plaintiff, Diane St. Clair ("Plaintiff"), through her attorneys, alleges the following against iEnergizer, Inc. ("iEnergizer"), GC Services Limited Partnership ("GC"), Teleperformance Business Services US, LLC ("Teleperformance") and Alorica, Inc. ("Alorica") (referenced collectively as "Defendants"):

1

COMPLAINT AND DEMAND
FOR JURY TRIAL

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. The FDCPA is a federal statute that broadly prohibits persons from engaging in abusive and/or deceptive debt collection practices.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns … that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1367; 47 U.S.C. § 227 and 15 U.S.C. § 1692.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Plaintiff's claims against Defendants can be traced back to contracts consummated in Nevada.

6. Defendants transact business in Nevada. Therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the Boswell, Pennsylvania.

8. Plaintiff is a *consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9. Non-party Credit One Bank, N.A. ("Credit One"), is a bank at home in Nevada.

10. Upon information, Defendants are independent, third-party vendors that contracted with non-party Credit One to attempt to collect an alleged debt from Plaintiff. Upon information and belief, the contracts between Defendants and Credit One are executed in Nevada.

11. Defendants are businesses that regularly collect or attempt to collect debts owed to another. Therefore, Defendants are *debt collectors* as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Upon information, Defendants place calls on behalf of non-party Credit One using their own agents and equipment.

13. Upon information, when Defendants attempt to collect consumer debts they deceptively pose as employees of Credit One.

14. Defendant iEnergizer's principal place of business is located at 11009 Metric Boulevard, Building J #150 Austin, Texas 75252. Defendant iEnergizer can be

served at its registered agent, Agents for Delaware Corporations, Inc., 310 Alder Road., P.O. Box 841, Dover, DE 19904.

15. Defendant GC's principal place of business is located at 6330 Gulfton St. Houston, Texas 77081. GC can be served at its registered agent, CT Corporation System 1999 Bryan Street, Ste. 900 Dallas, Texas 75201.

16. Defendant Teleperformance is headquartered at 5995 S. Commerce Drive, Suite 600, Murray, Utah 84107. Teleperformance can be served at its registered agent, Corporate Creations Network Inc., 2825 E. Cottonwood Parkway #500, Salt Lake City, Utah 84121.

17. Defendant Alorica is headquartered at 5 Park Plaza, Suite 1100, Irvine California 92614. Alorica can be served at its registered agent, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

## FACTUAL ALLEGATIONS

18. Plaintiff had a credit account with non-party Credit One Bank.

19. Plaintiff used that credit account for typical consumer transactions.

20. Upon information, Defendants are attempting to collect on the alleged debt related to Plaintiff's Credit One Account ("Account").

21. Plaintiff does not have a contract with any of the Defendants who are debt collectors.

22. In or around March 2018, Defendants began placing calls to Plaintiff on her cellular phone number ending in 6719, in an attempt to collect a debt associated with the Account.

23. Defendants called Plaintiff from the following phone numbers: (412) 785-1990, (412) 785-2043, (719) 941-8239, (412) 785-2093, (212) 519-0550, (412) 785-2031, (412) 755-1978, (412) 785-2081, (412) 785-1912, (580) 271-9113, (215) 369-9349, (315) 355-7613, (225) 442-3557, (860) 509-0926, (610) 347-8326, (843) 619-4192, (412) 785-2271, (866) 473-4868, (412) 785-2352, (412) 785-2404, (412) 485-2628, (412) 467-0700, (412) 485-129, (412) 566-8143, (878) 999-8411, (331) 200-1193, (412) 785-2322, (412) 785-2374, and (878) 999.7570. Upon information and belief, these telephone numbers are operated by Defendants.

24. Upon information and belief, Defendants used the aforementioned phone numbers to contact Plaintiff and posed as Credit One employees.

25. On or about March 29, 2018, at 2:50 p.m., Plaintiff answered a collection call from one of the Defendants. When she answered the phone, Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

26. The collection agent introduced itself as a representative of Credit One and informed Plaintiff that it was attempting to collect a debt related to her Account.

27. During that conversation, Plaintiff informed the agent that she was experiencing financial hardship. Plaintiff explained that she was not able to make a payment, and requested that Credit One stop calling her. Instead, she asked that all future communications related to her Account be sent through the mail.

28. Despite Plaintiff's request not to be contacted via telephone, Defendants continued to call her.

29. Between May 31, 2018, and August 24, 2018, eighty-five (85) days, Defendants called Plaintiff at least two-hundred and fifty-five (255) times.

30. Defendants called Plaintiff as many times as seven (7) times a day on numerous occasions.

31. Defendants sometimes called Plaintiff as many times as eight (8) times a day.

32. Each time Defendant's called Plaintiff, there was a brief pause before they would speak indicating the use of an automated telephone dialing system.

33. Each time the Defendants called Plaintiff's cellular phone, they failed to meaningfully disclose their identities.

34. Upon information and belief, Defendants intentionally and knowingly refrained from disclosing their identity to try and avoid their obligations as debt collectors under the FDCPA.

35. Plaintiff suffers from fibromyalgia, a disorder that causes unbearable aching and pain throughout her body.

36. Plaintiff's fibromyalgia symptoms are exacerbated by stress and anxiety.

37. Defendants' incessant phone calls caused Plaintiff to feel stressed and anxious on a daily basis.

38. Unfortunately, the stress related to Defendants' conduct caused Plaintiff's fibromyalgia to flare up. As a direct result of Defendants' phone calls, Plaintiff had to receive extra pain-relief shots.

39. In an effort to reduce the frequency and magnitude of her fibromyalgia flare-ups, Plaintiff started taking prescription medication to manage the anxiety caused by Defendants' unending phone calls.

40. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, stress, emotional pain, mental pain and anguish.

## COUNT I
### Defendants' Violations of the TCPA, 47 U.S.C. § 227

41. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

42. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part:

> "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

43. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and knowingly contacted Plaintiff on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system. Consequently, Defendants knowingly and/or willfully violated the TCPA.

44. Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every call Defendants placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

45. If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every one of Defendants' violative phone calls. 47 U.S.C. § 227(b)(3)(B); 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendants' Violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*

46. Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

47. The FDCPA prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

48. The FDCPA also requires that in its initial communication with a consumer, a debt collector disclose that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose …." 15 U.S.C.A. § 1692e(11). *See Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007) (citing *Hosseinzadeh v. M.R.S. Assocs., Inc.,* 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) (finding "'meaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked.").

49. Defendants violated 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692e(11) each time they contacted Plaintiff because they failed to truthfully and correctly identify themselves. The Defendants did not inform Plaintiff that they were collecting the

alleged debt *on behalf* of Credit One or *owed* to Credit One. Instead, the Defendants identified themselves *as* Credit One and acted as though Plaintiff owed the alleged debt to them.

50. Additionally, the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C.A. § 1692d.

51. Defendants placed phone calls at a frequency and magnitude intended to annoy, abuse or harass Plaintiff.

52. Defendants incessantly called Plaintiff despite her unequivocal revocation of consent to be contacted via telephone.

53. Defendants' constant, harassing phone calls were made in violation of the FDCPA.

54. Defendants' conduct, as described above, was committed willfully and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## COUNT III
### Defendants' Intrusion Upon Seclusion

56. Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

57. Defendants intruded upon Plaintiff's seclusion. Defendants' violations include, but are not limited to, the following:

(a) Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite at least one request that the calls cease.

58. Defendants' conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted her daily schedule.

59. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

60. Defendants are liable to Plaintiff for actual damages stemming from their intrusion upon her seclusion. If the Court finds that Defendants' conduct was egregious, Plaintiff may be entitled to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Diane St. Clair, respectfully requests judgment be entered against Defendants iEnergizer, GC, Teleperformance and Alorica for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. Actual and punitive damages for intruding upon Plaintiff's seclusion;

F. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1692k(3);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date: October 8, 2020             By:     /s/*Steven A. Alpert*
                                          Steven A. Alpert, NV #8353
                                          PRICE LAW GROUP, APC
                                          5940 S Rainbow Blvd,
                                          Las Vegas, NV 89118
                                          T: (702) 794-2008
                                          F: (866) 401-1457
                                          alpert@pricelawgroup.com
                                          *Attorneys for Plaintiff*
                                          *Diane St. Clair*