LIPSON NEILSON P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
JESSICA A. GREEN, ESQ.
Nevada Bar No. 12383
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500
(702) 382-1512 - fax
jgarin@lipsonneilson.com
jgreen@lipsonneilson.com

*Attorneys for Defendant*
*GC Services, Limited Partnership*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Diane St. Clair,<br><br>　　　Plaintiff,<br><br>vs.<br><br>iEnergizer, Inc.; GC Services Limited Partnership; Teleperformace Business Services US, LLC; Alorica, Inc.; and DOES 1-5<br><br>　　　Defendants. | Case No.: 2:20-cv-1880-GMN-VCF<br><br>**DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S MOTION TO DISMISS** |

GC Services Limited Partnership ("GC Services"), pursuant to Fed. R. Civ. P. 12(b)(2), moves to dismiss Plaintiff's Complaint [ECF No. 1] for lack of personal jurisdiction over GC Services. This Motion is based upon the papers and pleadings on file herein, the Declarations and other evidence attached hereto, and the following points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　　INTRODUCTION**

GC Services does not have sufficient minimum contacts with the State of Nevada to confer jurisdiction over it in this forum. GC Services is a Delaware limited partnership with its principal place of business in Texas, and it does not have any facilities in Nevada. Declaration of Eric Gates ("GCS Declaration), ¶¶ 2-3, attached hereto as

**Exhibit A** (GCS App. 1 – GCS App. 4). Plaintiff Diane St. Clair ("Plaintiff") does not reside in Nevada and the acts that she complains of did not occur in Nevada. Complaint, ¶ 7 [ECF No. 1]. Instead, she complains of telephone calls made to her in Pennsylvania by nine Defendants, who are each alleged to be third-party vendors that contract with Credit One Bank, N.A. ("Credit One"). Complaint, ¶¶ 10-11. Credit One is a creditor of Plaintiff and is not a party to this lawsuit. *Id.*

Plaintiff initially sued Credit One in federal court in her home state of Pennsylvania for the same acts alleged in this case. *See* Complaint in *St. Clair v. Credit One*, W.D. Penn. Case No. 3:19-cv-00031-SLH, attached hereto as **Exhibit C** (GCS App. 8 – GCS App. 24).[1] After bringing suit against Credit One in the Western District of Pennsylvania, and then stipulating to arbitration to occur in Pennsylvania, she withdrew from the arbitration in order to bring the present lawsuit. Her federal case in Pennsylvania that was stayed for arbitration, remains open to this day. *See* Docket for *St. Clair v. Credit One*, W.D. Penn. Case No. 3:19-cv-00031-SLH, attached to EGS Financial Care, Inc.'s Motion to Dismiss [ECF No. 23], as **Exhibit A** [ECF 23-1, EGS App. 1 – EGS App. 4].

Rather than bringing suit in her home federal court, Plaintiff filed suit against foreign companies here in Nevada. However, this Court lacks personal jurisdiction over GC Services, and suit should be brought in Plaintiff's home state of Pennsylvania, where all Defendants can be sued. GC Services is not subject to general personal jurisdiction in this forum because it is not "essentially at home" in Nevada—it neither has its principal place of business nor its place of creation in Nevada, as Plaintiff recognizes. *See* Complaint, ¶ 15 [ECF No. 1]. *See also* GCS Declaration, ¶ 2, Ex. A (GCS App. 3). Second, the conduct alleged in the Complaint as to GC Services does not create a substantial connection with Nevada so as to create specific jurisdiction. The calls giving rise to Plaintiff's Complaint were not made from Nevada and they were not made to a

---

[1] The Court may take judicial notice of the public records in Plaintiff's lawsuit filed in federal court in Pennsylvania. Fed. R. Evid. 702; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

Nevada resident.  Complaint, ¶¶ 7, 23 [ECF No. 1]; GCS Declaration, ¶ 6, Ex. A [GCS App. 1 – GCS App. 3]. No activities related to Plaintiff's alleged harms were directed at Nevada by GC Services.  Thus, the Complaint should be dismissed as to GC Services pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## II.   STATEMENT OF FACTS

Plaintiff, a resident of Pennsylvania, has sued four named Defendants and Does 1-5, alleging that the Defendants violated the TCPA, FDCPA, and her right to privacy. Complaint, pp. 2-3, ¶¶ 1-3, 7 [ECF No. 1].  Plaintiff's claims arise from telephone calls she alleges Defendants made to her cellular phone in attempting to collect a debt on her credit account with Credit One.  *Id.,* pp. 4-6, ¶¶ 18, 22-29.  None of the area codes alleged by Plaintiff in her Complaint are area codes for Nevada.  *Id.*, pp. 3-4, ¶ 15.[2]  No calls were made by any GC Services' representative to Plaintiff from Nevada.  GCS Declaration, ¶ 6, Ex. A [GCS App. 3).

GC Services is a Delaware limited partnership with its principal place of business in Texas.  GCS Declaration, ¶ 2, Ex. A [GCS App. 3].  GC Services does not have any facilities in Nevada, and none of its executives, officers, or managers have offices in Nevada.  GCS Declaration, ¶¶ 3, 5, Ex. A [GCS App. 3].

Plaintiff's only allegation of GC Services' contacts with Nevada is that it had a contract, as an independent vendor, with a company in Nevada, Credit One, and that this contract was allegedly signed in Nevada.  Complaint, p. 3, ¶ 10.  However, Plaintiff's claims are based upon telephone calls allegedly made to her that originated in states other than Nevada.  Complaint, pp. 3-4, 15.  GC Services is, as alleged by Plaintiff, an independent contractor.  It is not an agent of Credit One.  Declaration of Gary Harwood ("Credit One Declaration"), ¶ 4, attached hereto as **Exhibit B** (GCS App 5 – GCS App. 7).  GC Services did not place any calls from Nevada to Plaintiff's Pennsylvania number.  GCS Declaration, ¶ 6, Ex. A (GCS App. 3).  GC Services has no

---

[2] The Court may take judicial notice that the area codes for Nevada are 702, 725, and 775—none of which are listed in paragraph 15 of Plaintiff's Complaint.  Fed. R. Evid. 201; *Probuilders Specialty Ins. Co. v. Double M. Const.*, 116 F. Supp. 3d 1173, 1178 (D. Nev. 2015).

- 3 -

exclusivity agreements with Credit One, and has contracts with other companies throughout the United States to place calls in various contexts to those companies' consumers. *Id.,* ¶ 4.

### III.     ARGUMENTS AND AUTHORITIES

To avoid taking up the Court's and parties' time with repetitive arguments, GC Services adopts and incorporates by reference the arguments and authorities set forth in Section III at pages 4-13 of Defendant EGS Financial Care, Inc.'s Motion to Dismiss filed in this case [ECF No. 23]. The same arguments and authorities as set forth in EGS Financial Care, Inc.'s Motion to Dismiss apply to GC Services under the facts set forth above.

In addition, GC Services points out that in *Henderson v. United Student Aid Funds, Inc.,* No. 13-CV-1845 JLS, 2015 WL 12658485 (S.D. Cal. Apr. 8, 2015), a sister court within the Ninth Circuit held that personal jurisdiction did not exist over GC Services in a case alleging violation of the TCPA. The *Henderson* court found that specific jurisdiction did not exist over GC Services in California where "Plaintiff's claim arises out of a call or calls she allegedly received in New Jersey that, if they were actually made by any of the Defendants, originated from outside California." *Id.* at *4. The court found that general jurisdiction did not exist in California because GC Services was not formed there, did not have its principal place of business there, and the case was not an exceptional case where GC Services' contacts with California were so substantial as to render it at home in California. The court stated: "'A corporation that operates in many places can scarcely be deemed at home in all of them.'" *Id*. at *2, quoting *Daimler,* 134 S. Ct. at 762 n. 20. The Court found that GC Services was not at home in California even when GC Services had two facilities in California and about 300 employees in California.

In this case, as in *Henderson,* personal jurisdiction over GC Services does not exist in Nevada. The Ninth Circuit recently held: "For a court to have specific personal jurisdiction in an intentional tort or copyright case, 'the defendant allegedly must have

(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Werner v. Dowlatsingh*, 818 F. App'x 671, 672 (9th Cir. 2020) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1228 (9th Cir. 2011)).  Here, there is no allegation that any act of GC Services was aimed at Nevada, or was likely to cause harm to Plaintiff in Nevada.  Therefore, specific jurisdiction does not exist.  Accordingly, Plaintiff has not alleged any contacts by GC Services with Nevada related to this lawsuit that are sufficient to justify the Court's exercise of specific jurisdiction over GC Services.

### IV.   CONCLUSION

For these reasons, GC Services respectfully requests that the Court dismiss the Complaint against it for lack of personal jurisdiction.  Alternatively, the case should be transferred to the Western District of Pennsylvania, where Plaintiff's stayed case against Credit One is still pending.  *See* 28 U.S.C. § 1406(a).

DATED this 19th day of November, 2020.

LIPSON NEILSON P.C.

By: */s/ Jessica A. Green*
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
JESSICA A. GREEN, ESQ.
Nevada Bar No. 12383
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500

*Attorneys for Defendant*
*GC Services, Limited Partnership*

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of November, 2020, service of the foregoing **DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S MOTION TO DISMISS** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule Civ. P. 5(b)(3), and Local Rule 5-4, as follows:

| | |
|---|---|
| Steven Alpert, Esq.<br>PRICE LAW GROUP, APC<br>5940 S. Rainbow Blvd., Suite 3014<br>Las Vegas, NV 89118<br>alpert@pricelawgroup.com<br><br>*Attorneys for Plaintiff* | Jennifer Berch, Esq.<br>QUILLING SELANDER LOWNDS WINSLETT & MOSER, P.C.<br>2001 Bryan St., Suite 1800<br>Dallas, TX 75201<br>jbergh@gslwm.com<br><br>\*\*Designated Attorney for Personal Service\*\*<br>Alexander P. Williams, Esq.<br>6605 Grand Montecito Pkwy, Suite 200<br>Las Vegas, NV 89149<br><br>*Attorneys for EGS Financial Care, Inc./Alorica, Inc.* |
| Gina M. Mushmeche, Esq.<br>KRAVITZ, SCHNITZER & JOHNSON, CHTD<br>8985 S. Eastern Ave., Suite 200<br>Las Vegas, NV 89123<br>gmushmeche@kssattorneys.com<br>gschnitzer@ksjattorneys.com<br><br>*Attorneys for iEnergizer, Inc.* | Natalie L. Winslow, Esq.<br>Jamie K. Combs, Esq.<br>AKERMAN LLP<br>1635 Village Center Circle, Suite 200<br>Las Vegas, NV 89134<br>natalie.winslow@akerman.com<br>jamie.combs@akerman.com<br><br>*Attorneys for Teleperformance Business Services, US., LLC* |

*/s/ Kim Glad*

An employee of
Lipson Neilson P.C.