UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANE ST. CLAIR, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> IENERGIZER, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:20-cv-01880-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 23), filed by Defendant Alorica, Inc.[1] Plaintiff Diane St. Clair ("Plaintiff") filed a Response, (ECF No. 35), to which EGS filed a Reply, (ECF No. 40).

Also pending before the Court is the Motion to Dismiss, (ECF No. 28), filed by Defendant GC Services Limited Partnership ("GC Services"). Plaintiff filed a Response, (ECF No. 38), to which GC Services filed a Reply, (ECF No. 47).

Also pending before the Court is the Motion to Dismiss, (ECF No. 29), filed by Defendant Teleperformance Business Services US, LLC ("Teleperformance"). Plaintiff did not file a response.

---

[1] Defendant Alorica, Inc. asserts, in its Motion to Dismiss, that Plaintiff incorrectly named Alorica, Inc. as a defendant in the present action and that instead, EGS Financial Care, Inc. ("EGS") "placed the alleged calls on behalf of non-party Credit One Bank." (EGS's MTD at 2 n.1, ECF No. 23). Plaintiff disagrees, claiming that Alorica remains a proper defendant because Credit One's discovery responses during arbitration in a related case—*St. Clair v. Credit One*, 3:19-cv-00031-SLH (W. D. Penn. 2019)—specifically identified Alorica, Inc. as the proper party. (Resp. to EGS's MTD at 2 n.2, ECF No. 35). Though EGS may not have been named in the discovery response in the related case, Defendant Alorica provides a sworn declaration by Andrew Balthaser, Vice President of Compliance for EGS Financial Care, Inc., that verifies that Alorica, Inc. is the parent company of EGS and that "EGS provides customer services and customer contact solutions for companies in various industries," including Credit One Bank. (*See* Decl. Andrew Balthaser ("Balthaser Decl.") ¶¶ 1, 6, 8, Ex. B to EGS's MTD, ECF No. 23-3). Plaintiff does not provide a declaration or affidavit to rebut this assertion. Accordingly, the Court finds that EGS is the proper party and accordingly addresses named defendant "Alorica, Inc." as EGS for the remainder of this Order.

Also pending before the Court is Plaintiff's Motion to Amend, (ECF No. 31). Defendants EGS and GC Services filed Responses, (ECF Nos. 43–44). Plaintiff did not file a reply.

Also pending before the Court is the Motion to Dismiss, (ECF No. 50), filed by Defendant iEnergizer, Inc. ("iEnergizer"). Plaintiff filed a Response, (ECF No. 51), to which iEnergizer filed a Reply, (ECF No. 62).

Also pending before the Court is Defendant EGS's Unopposed Motion for Leave to File Supplemental Authority, (ECF No. 67).

For the reasons discussed below, the Court **GRANTS** the Motions to Dismiss filed by Defendants EGS Financial Services, GS Services, and iEnergizer and **DENIES as moot** the Motion to Dismiss filed by Defendant Teleperformance. The Court further **DENIES as moot** Plaintiff's Motion to Amend and **GRANTS** EGS's Unopposed Motion to for Leave to File Supplemental Authority.

I. BACKGROUND

This case arises out of alleged attempts to collect debt from Plaintiff by Defendants EGS, GS Services, Teleperformance, and iEnergizer (collectively, "Defendants"). (*See* Compl., ECF No. 1). Defendants are independent, third-party debt collectors who regularly call individuals to collect or attempt to collect debts. (*Id*. ¶ 11). Defendants allegedly contracted with non-party Credit One for their debt collection services. (*Id*. ¶ 11).

In Plaintiff maintained a credit account with non-party Credit One Bank. (*Id*. ¶ 18). In March 2018, Plaintiff alleges that Defendants began calling Plaintiff in an attempt to collect a debt associated with her account with Credit One Bank ("Account"). (*Id*. ¶ 22). Specifically, on March 29, 2018, Plaintiff answered a collection call from one of the Defendants. (*Id*. ¶ 25). When she answered the phone, Plaintiff heard a pause before the collection agent began to speak, which she alleges indicates the use of an automated telephone dialing system. (*Id*.). The

collection agent identified itself as a Credit One representative and informed Plaintiff that it was attempting to collect on a debt associated with her Account. (*Id*. ¶ 26). Plaintiff responded that she was unable to make payment, asked Credit One to stop calling her, and requested all future communication be sent via mail. (*Id*. ¶ 27). Plaintiff alleges that despite her requests, Defendants continued to contact her. (*Id*. ¶ 28). Within a span of 85 days, Defendants allegedly called Plaintiff at least 255 times. (*Id*. ¶ 29). Plaintiff suffers from fibromyalgia. (*Id*. ¶ 35). Due to Defendants' incessant phone calls, Plaintiff claims that her condition worsened as the stress of the non-stop calls caused her fibromyalgia to flare up. (*Id*. ¶¶ 37-38).

On February 27, 2019, Plaintiff sued non-party Credit One in the Western District of Pennsylvania. (*See* Docket Sheet, *St. Clair v. Credit One Bank, N.A.*, 3:19-cv-00031-SLH (W.D. Penn. 2019), Ex. 1 to EGS's MTD, ECF No. 23-2). The parties stipulated to arbitration in Pennsylvania. (*See* Decl. Steven Alpert ("Alpert Decl.") ¶ 4, Ex. 1 to EGS's MTD, ECF No. 35-2). During arbitration, Plaintiff claims that she discovered, for the first time, the identities of certain vendors—specifically, Defendants—who contracted with non-party Credit One to collect debts from consumers, including Plaintiff, on behalf of Credit One. (*Id*. ¶ 5); (*see also* Credit One's Resp. to Disc. Requests, Ex. 1-A to EGS's MTD, ECF No. 35-3).

Plaintiff thereafter filed the instant suit on October 8, 2020. (*See* Compl., ECF No. 1). Specifically, Plaintiff alleges the following three claims: (1) violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq.*; (2) violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (3) intrusion upon seclusion. (*Id*. ¶¶ 41–60). Defendants filed the instant Motions to Dismiss. (*See* EGS's MTD, ECF No. 23); (GS Services' MTD, ECF No. 28); (Teleperformance's MTD, ECF No. 29); (iEnergizer's MTD, ECF No. 50). Plaintiff thereafter filed a Motion for Leave to File an Amended Complaint. (*See* Mot. Amend, ECF No. 31).

//

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, the plaintiff need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). District courts take the uncontroverted allegations in the complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. § 14.065; *Galatz v. Eighth Judicial Dist. Court*, 100 Nev. 408, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum such that the "maintenance of the suit will not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

### III. DISCUSSION

Defendants argue that this Court has neither general nor personal jurisdiction because Defendants are neither "at home" in Nevada nor have purposefully directed their conduct towards the state. (*See* EGS's MTD 2:17–3:3); (*see also* GS Services' MTD 1:25–3:4); (*see also* Teleperformance's MTD 2:13–3:23); (*see also* iEnergizer's MTD 1:22–3:28).

As a preliminary matter, the Court denies as moot Teleperformance's Motion to Dismiss because the Court dismissed without prejudice Defendant Teleperformance pursuant to the Joint Stipulation of Dismissal, (ECF No. 39). (*See* Order Granting Stip. of Dismissal, ECF No. 45). The Court now addresses the remaining Motions to Dismiss before turning to Plaintiff's Motion to Amend.

#### A. Motions to Dismiss, (ECF Nos. 23, 28, 50)

Defendants EGS, GS Services, and iEnergizer each move to dismiss the case for lack of specific and general jurisdiction. The Court first considers whether it has general jurisdiction over Defendants EGS, GS Services, and iEnergizer.

##### i. General Personal Jurisdiction

The Court does not have general personal jurisdiction over EGS, GS Services, and iEnergizer. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." *See* D. Nev. LR 7-2(d). Here, Plaintiff does not address whether the Court has general jurisdiction over Defendants—instead, focusing on the issue of specific jurisdiction. Because a failure to oppose Defendants' claims regarding general jurisdiction constitutes a consent, the Court finds that it does not have general personal jurisdiction over EGS, GS Services, and iEnergizer.

Even construing Plaintiff's limited references to general jurisdiction as a response to Defendants' objections, the Court finds that EGS, GS Services, and iEnergizer are not "at

home" in the forum state of Nevada.  Courts have general personal jurisdiction over parties at home in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014).  "For an individual, the 'paradigm forum' for the exercise of general jurisdiction is the 'individual's domicile,' or, for corporations, 'an equivalent place, one in which the corporation is fairly regarded as at home.'" *Bristol-Meyers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1776, 198 L. Ed. 2d 395 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).  When determining whether a corporation is "at home" in a state, "the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction." *See Daimler AG*, 571 U.S. at 137 (quoting *Goodyear Dunlop*, 564 U.S. at 919).

Here, none of the Defendants are "at home" in Nevada.  EGS is incorporated in Pennsylvania and maintains its principal place of business in California. (Balthaser Decl. ¶¶ 3–4).  At the time the alleged class were placed, EGS maintained its principal place of business in Pennsylvania. (*Id.* ¶ 5).  EGS is therefore "at home" in Pennsylvania.[2]  GC Services is a Delaware limited partnership with its principal place of business in Texas. (Decl. Eric Gates ("Gates Decl.").  Thus, GC Services is "at home" in Delaware and Texas.  iEnergizer is incorporated in Delaware and its principal place of business is in Texas. (Decl. Duke Christopher ("Christopher Decl.") ¶ 3).  iEnergizer is thus "at home" in Delaware and Texas.  Because none of the Defendants are "at home" in Nevada, this Court does not have general jurisdiction over Defendants EGS, GS Services, and iEnergizer.

### ii. Specific Personal Jurisdiction

Specific personal jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050,

---

[2] As the Court previously determined, EGS—not Alorica—is the proper party to this suit.  Even assuming Alorica was the proper party, Alorica is also not "at home" in Nevada.  Alorica is a Delaware corporation with its principal place of business in California. (Balthaser Decl. ¶¶ 6–7).

1057 (9th Cir. 2007).  Personal jurisdiction must arise out of "contacts that the defendant himself creates with the forum State." *Waldon v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted).  Further, personal jurisdiction cannot be established from the conduct of a plaintiff or third parties within the forum. *Id*.  In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id*. at 285.

Courts utilize a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Menken*, 503 F.3d at 1057.  If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id*.  However, "[i]f the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*.  The Court first discusses whether it has specific jurisdiction over Defendant iEnergizer.

### 1. iEnergizer, Inc.

Plaintiff alleges that Defendant iEnergizer has minimum contacts with Nevada because it entered into a contract with third-party Credit One and iEnergizer specifically consented to specific jurisdiction in Nevada in the alleged contract. (Pl.'s Resp. to iEnergizer's MTD 6:17–7:28, ECF No. 51).

"The purposeful availment prong of the minimum contacts test for personal jurisdiction requires a qualitative evaluation of the defendant's contact with the forum state, in order to determine whether [the defendant's] conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003).  Standing alone, the mere act of contracting with a party who is a resident of a forum state does not establish sufficient contact to warrant a court's exercise of jurisdiction. *Burger King*, 471 U.S. at 478. The court's exercise of jurisdiction must be linked to the defendant's relationship with the forum state itself. *Walden*, 134 S. Ct. at 1123.  Although a defendant's connection with the forum state will often be related to his connection with residents thereof, relationships with residents of the forum state, without more, is not sufficient. *Id*.

Here, the Court cannot find that Defendant iEnergizer purposefully established minimum contacts in Nevada.  The only evidence in favor of exercising specific jurisdiction over iEnergizer is the existence of a template contract between non-party Credit One and an unknown party and a discovery response in which Credit One identified iEnergizer as part of its process in contacting individuals to collect outstanding debts with Credit One. (*See* Credit One Disc. Resp., Ex. 1-A to Resp. to iEnergizer's MTD, ECF No. 51-2); (*see also* Joint Operations Master Services Agreement ("Agreement"), Ex. 1-B to Resp. to iEnergizer's MTD, ECF. No. 51-2).  Entering into a contract itself is insufficient to establish minimum contacts. *Burger King*, 471 U.S. at 478 (the mere act of contracting with a party who is a resident of a forum state does not establish sufficient contact to warrant a court's exercise of jurisdiction.").  The *alleged* existence of a contract between Credit One and iEnergizer is even more tenuous contact.

Plaintiff fails to provide an affidavit or declaration to verify the authenticity of the document.  Notably, Plaintiff does not attach proof of an existing contract between Defendant

iEnergizer and Credit One.  Plaintiff bears the burden to produce "admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction." *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1107 (C.D. Cal. 1999) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989)); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) ("It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant."); *Nw. Healthcare All. Inc. v. Healthgrades.Com, Inc.*, 50 F. App'x 339, 340 (9th Cir. 2002) ("When an exercise of personal jurisdiction is challenged, the burden is on plaintiff to demonstrate why the exercise of jurisdiction is proper.").  Because a contract itself is insufficient to establish minimum contacts and Plaintiff is otherwise unable to produce admissible evidence to establish personal jurisdiction, the Court finds that it lacks personal jurisdiction over Defendant iEnergizer.

## 2. EGS Financial Care, Inc.

Plaintiff alleges that Defendant Alorica has minimum contacts with Nevada because Alorica maintains call centers in Nevada, Alorica entered into a contract in Nevada for the purpose of debt collection services; and Alorica already litigates in Nevada. (Pl.'s Resp. to EGS's MTD, 8:8–15, 9:3–14, ECF No. 35).  Plaintiff solely focuses on establishing specific jurisdiction for Alorica; however, fails to rebut Defendant EGS's assertion that the Court lacks specific jurisdiction over EGS.  As established above, the proper defendant in this suit is EGS Financial Care, Inc., not Alorica, Inc. (Balthaser Decl. ¶¶ 6, 8).  Because a failure to rebut constitutes a consent to the motion under Local Rule 7-2(d), the Court finds that it also lacks personal jurisdiction over Defendant EGS. *See* D. Nev. LR 7-2(d).

## 3. GS Services Limited Partnership

Plaintiff additionally alleges that GS Services has minimum contacts in Nevada because GS Services entered into a contract in Nevada for the purpose of debt collection services, GS

1   Services employed "customer service representative" staff in Nevada, and GS Services already
2   litigates in Nevada. (Resp. to GS Services' MTD 2:15–3:8, ECF No. 38).

3         The Court already held that entering into a contract, much less an alleged contract, is
4   insufficient to establish minimum contacts. *See Burger King*, 471 U.S. at 478. Plaintiff utilizes
5   the same template contract to establish that this Court maintains specific jurisdiction over
6   Defendant GS Services. (*See* Joint Operations Master Services Agreement, Ex. 1-B to Resp. to
7   GS Services' MTD, ECF No. 38-3). Because such attenuated contact is insufficient to establish
8   minimum contacts, the Court discusses whether GS Services' customer services
9   representatives, registration in Nevada, and prior litigation establishes specific jurisdiction.

10        "For specific jurisdiction, a defendant's general connections with the forum are not
11  enough. As we have said, "[a] corporation's 'continuous activity of some sorts within a state
12  . . . is not enough to support the demand that the corporation be amenable to suits unrelated to
13  that activity.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at
14  927). "Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the defendant's
15  contacts with the forum.'" *Ranza v. Nike*, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting
16  *Helicopters Nationals de Columbia, S.A.*, 466 U.S. at 414 n.8). Here, the two customer service
17  representatives do not appear to perform the same type of debt collection activities as Plaintiff
18  alleges in her Complaint. (*See* Linked-in Employee Profiles, Ex. 2 to Pl.'s Resp. to GS
19  Services' MTD, ECF No. 38-4). Further, GS Services' prior litigation and general registration
20  to conduct business in Nevada are unrelated to Plaintiff's claims concerning GS Services'
21  alleged debt collection services. Like in *Bristol-Myers*, GS Services' general connections—
22  existence of two representatives, prior litigation, and Nevada business registration—are thus
23  insufficient to establish that GS Services purposefully availed itself to the forum state of
24  Nevada. Notably, Eric Gates, the Director of Contact Management and Corporate
25  Representative for GS Services, stated in his declaration that "[n]o calls were made by any GS

Services' representative to Plaintiff from Nevada." (Gates Decl. ¶ 6).  Given that Plaintiff carries the burden in establishing specific jurisdiction and fails to provide evidence of relevant contact with the forum state, the Court finds that it also lacks specific jurisdiction over Defendant GS Services. *See Menken*, 503 F.3d at 1057.

In sum, the Court lacks personal jurisdiction over Defendants EGS, GS Services, and iEnergizer because Plaintiff has failed to establish that the Court has general or specific jurisdiction.  The Court accordingly dismisses all three Defendants.

### B.  Motion for Leave to Amend Complaint, (ECF No. 31)

Because the Court finds that Defendants lack personal jurisdiction, the Court declines as moot Plaintiff's Motion to Amend.  In her Motion for Leave to Amend, Plaintiff adds information concerning another alleged call in 2017 and corrects the total number of phone calls that Plaintiff allegedly received from Defendants. (*See* Mot. Leave Amend at 5–6, ECF No. 32).  Plaintiff's Motion to Amend is thus futile as Plaintiff does not provide additional facts to establish personal jurisdiction for any of the Defendants.  Accordingly, the Court **DENIES as moot** Plaintiff's Motion to Amend.

### C.  Motion for Leave to File Supplemental Authority, (ECF No. 67)

Defendant EGS filed an Unopposed Motion for Leave to File Supplemental Authority in support of its Motion to Dismiss.  "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." D. Nev. Local R. 7-2(d).  As Plaintiff has not opposed the Motion, the Court **GRANTS** Defendant EGS's Unopposed Motion for Leave to File Supplemental Authority in Support of the Motion to Dismiss.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that EGS's Motion to Dismiss, (ECF No. 23), and EGS's Unopposed Motion for Leave to File Supplemental Authority, (ECF No. 67) are **GRANTED**.

**IT IS FURTHER ORDERED** that GS Services' Motion to Dismiss, (ECF No. 28), is **GRANTED**.

**IT IS FURTHER ORDERED** that Teleperformance's Motion to Dismiss, (ECF No. 29), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that iEnergizer's Motion to Dismiss, (ECF No. 50), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, (ECF No. 31), is **DENIED as moot**.

The Clerk of Court is hereby ordered to close the case accordingly.

**DATED** this __21__ day of July, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT